UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

CHARLES UZZELL

    Plaintiffs,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, DETECTIVE TODD CRACCO SHIELD 2359 AND DETECTIVE ANDREW AMPLO SHIELD 3667,

    Defendants,

------------------------------x

COMPLAINT

Plaintiffs Demand Trial by Jury

CV 12-2079

SUMMONS ISSUED

TOWNES, J.
AZRACK, M.J.

1. The Plaintiff, CHARLES UZZELL brings this action under 42 U.S.C. Section 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Section 1988 for the defendants violation of the rights afforded by the United States Constitution and under the laws of the State of New York.

2. On May 13, 2009, the defendants New York City Police Detectives Todd Cracco and Andrew Amplo assaulted the plaintiff, CHARLES UZZELL and arrested him without just and probable cause which caused him to be incarcerated for approximately 24 hours.

3. The plaintiff CHARLES UZZELL was prosecuted on the charges until they were dismissed on September 24, 2009.

JURISDICTION

4. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. 1883 pursuant to 28 U.S.C. 1331 and Sect. 1343 (3).

5. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. 1331 and Sec. 1343 (3.)

uzzell

## PARTIES

6. The parties are citizens of the United States or legal residents of the United States and are residents of the State of New York.

7. At all times mentioned herein, upon information and belief, defendant, New York City Police Detective Todd Cracco shield number 2359 and, New York City Police Detective Andrew Amplo shield number 3667, sued herein in both their official and individual capacities, were employed and still is employed as New York City Police Officers and Detectives, and were acting in their capacity as Police Officers on May 13, 2009. At all times mentioned herein, upon information and belief, defendants, New York City Police Detectives Todd Cracco and Andrew upon information and belief were assigned to the Brooklyn North Narcotics Division of the New York City Police Department.

8. At all times relevant to this action, defendants, New York City Police Detectives Todd Cracco and Andrew Amplo, were assigned to work as New York City police officers and Detectives at the Brooklyn North Narcotics Division in Kings County on May 13, 2009.

9. Defendant, THE CITY OF NEW YORK, is a municipal corporation incorporated under the laws of the State of New York and as such is responsible for the practices, polices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling, and disciplining of those persons employed by the New York City Police Department.

uzzell

## FACTUAL ALLEGATIONS

10. On or about May 13, 2009 at approximately 8 PM, plaintiff was at the corner of Kosciusko Street and Nostrand Avenue in the County of Kings in the City and State of New York.

11. At the above time and place, the plaintiff were approached by the defendants Cracco and Amplo and placed under arrest. During and prior to his arrest, the defendants, punched, kicked, knocked to the ground, beat each the plaintiffs about the head and body. The Plaintiffs was required to seek medical treatment at his own private doctor.

12. The plaintiff were handcuffed and taken into custody at 79th Precinct followed by Central Booking and finally to the Criminal Court on May 14, 2009.

13. During the evening of May 14, 2009, the Plaintiff was arraigned before the presiding judge, being charged with Attempted Assault it the Third Degree and Resisting Arrest. The plaintiff was released on his own recognizance.

14. The plaintiff continued to be prosecuted on the charges.

15. The Plaintiff did not commit any crimes. The defendant's actions were willful, outrageous, unjustified and not predicated on probable cause.

## COUNT I

16. On May 13, 2009, plaintiff CHARLES UZZELL, was assaulted and battered by the defendants, during the course of the arrest, including but not limited to intentionally, forcefully, fiercely striking plaintiff with fists, night sticks, and other instruments, about his whole body, especially his head, face,

uzzell

eyes, ears, shoulders, back, and legs then the officers placed handcuffs tightly on the wrists of the Plaintiff.

17. The assault and battery of the Plaintiff CHARLES UZZELL was without any legitimate cause or justification.

18. That by reason of the aforesaid intentional assault and battery committed by the defendants, their agents, servants and employees, acting with the scope of their authority, and without probable cause, the plaintiff CHARLES UZZELL suffered great bodily injury in and about his head and body. He was rendered sick, sore, lame, disabled, among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

### COUNT II

19. Plaintiff CHARLES UZZELL repeats and realleges paragraphs 1-18, as if fully set forth herein.

20. As a direct and proximate result of defendant's actions on May 13, 2009, the plaintiff CHARLES UZZELL was falsely arrested and detained without just and probable cause and without a warrant.

21. The false arrest of the plaintiff CHARLES UZZELL was without any legitimate cause or justification, was intentional, malicious reckless and in bad faith.

22. Defendant's actions caused plaintiff CHARLES UZZELL to be deprived of his liberty, suffered great pain and suffering was subject to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

23. As a result of the foregoing, the plaintiff CHARLES UZZELL seeks compensatory damages from all defendants' as well as

uzzell

punitive damages from all individual defendants.

## COUNT III

24. Plaintiff, CHARLES UZZELL, repeats and realleges paragraphs 1-23, as if fully set forth herein.

25. That the plaintiff CHARLES UZZELL was prosecuted on the original charges without probable cause and with malice by the defendants.

26. Defendant's actions caused plaintiff to suffer great pain and suffering and was subjected to ridicule, scorn, and humiliation by those observing and/or knowing of this prosecution.

27. As a result of the foregoing, the plaintiff seeks compensatory damages from all of the defendants and punitive damages from the individual defendants.

## COUNT IV

28. Plaintiff CHARLES UZZELL repeats and realleges paragraph 1-28, as if fully set forth herein.

29. That the defendant, the City of New York, was careless and reckless in hiring, retaining, and training of its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practice.

30. That the defendant, its agents, servants, and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and

uzzell

conduct as representatives of their employers; and in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

31. Defendant's action caused plaintiff CHARLES UZZELL to be deprived of his liberty, suffered great pain and suffering and was subject to ridicule, scorn and humiliation by those observing and or knowing of his detention.

32. As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York in an amount to be determined at trial.

## COUNT V

33. Plaintiff CHARLES UZZELL repeats and realleges paragraphs 1-32 as if fully set forth herein.

34. As a direct and proximate result of defendant's actions plaintiff CHARLES UZZELL was assaulted, battered, falsely arrested and detained and maliciously prosecuted without legal cause or justification.

35. The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

36. As a direct and proximate cause of defendant's actions, plaintiff was deprived of rights and privileges and immunities secured to him under the Constitution and the laws of the United States of America including, but not limited to his rights under the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C.1983 to be secure in his person, to be free from false arrest and imprisonment without due process, and to equal

uzzell

protection of the laws.

37. Defendant's actions caused plaintiff, CHARLES UZZELL to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

38. As a result of the foregoing the plaintiff, CHARLES UZZELL seeks compensatory damages from all defendants as well as punitive damages for all individual defendants.

## JURY DEMAND

39. The plaintiff, CHARLES UZZELL respectfully demands that this proceeding be tried by a jury.

**WHEREFORE**, plaintiff, CHARLES UZZELL, prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Section 2201 declaring that the defendants, separately and in concert, violated the plaintiff's constitutional rights; and

2) For compensatory damages against all defendants; and

3) For punitive damages against defendants Cracco and Amplo"; and

4) For attorney's fees and costs pursuant to 42 U.S.C. 1988; and

5) For other relief as is just and proper.

DATED: New York, New York
April 25, 2012

STUART BIRBACH (SB-8881)
Attorney for Plaintiff
15 West 44th Street
12th Floor
New York, New York 10036
(212) 764-2468

uzzell